SLOVER, Appellant, v. MUNCY, Respondent.

1. The list of delinquents, which the road overseer is required to place in the hands of the justice, (R. C. 1845, tit. Roads and Highways, art. 1, § 45,) is for the information and government of the justice, whose duty it becomes to issue a summons against such delinquent, and is not intended as a written complaint against the party for his information.   No written complaint is necessary.

2. In the circuit court on appeal, after an appearance and trial on the merits before the justice, it is no ground for dismissing a proceeding, commenced under the statute in the name of a road overseer against a delinquent hand, that the summons, which is required to issue in the name of the road overseer " to the use of the road district," simply describes the plaintiff as " road supervisor," without specifying the district, this being specified in the entry of judgment.

### Appeal from Barry Circuit Court.

This was a proceeding commenced before a justice of the peace, under sections 44, 45, 46 and 47, of article 1 of the act concerning " Roads and Highways," (R. C. 1845.)

On the 26th of March, 1855, there was filed with the justice a list of names, with a figure opposite each, at the foot of which was the following memorandum : " You will please issue on the above delinquent list.  Abraham Slover, supervisor."  On the next day, the justice issued a summons against Muncy, the defendant, whose name was on the list, requiring him to appear

on the 11th of April, and answer the complaint of "Abraham Slover, road supervisor." On the day appointed, the plaintiff and defendant appeared before the justice, and a judgment was rendered in favor of the plaintiff, to the use of his road district, for three dollars and costs. The justices' docket specified the district of which plaintiff was overseer. The defendant appealed to the Circuit Court, where he renewed a motion made before the justice to dismiss the cause, which was sustained. The plaintiff excepted and appealed to this court.

*Gardenhire,* for appellant. 1. The proceedings of road overseers against delinquent hands are special and summary, and no appeal lies from the justice in such cases. (6 Mo. 166.) 2. The Circuit Court erred in dismissing the cause, as there was a substantial compliance with the law, which is all that is required in proceedings before justices. (15 Mo. Rep. 442–3.)

*F. P. Wright,* for respondent. The appeal was properly dismissed. 1. The list filed with the justice did not specify whether the delinquency consisted in failing to attend, or in failing to obey orders, which are two separate offences, with different penalties. The list was too uncertain to authorize the justice to issue a summons. (R. C. 1845, p. 967, § 44, 45.) 2. The summons did not issue in the name of the overseer, *to the use of his road district,* as required by the statute. The statute is penal, and must be strictly complied with.

LEONARD, Judge, delivered the opinion of the court.

The proceedings before the justice were, we think, sufficient to retain the case in court, and therefore the Circuit Court erred in dismissing it. The cause should have been tried anew, on the merits, and of course the judgment must be reversed and the cause remanded, when the defendant will have an opportunity of insisting upon any more substantial defence he may have. The statute direction to the overseer to deliver a list of delinquent hands to some justice of the township, is for the in-

formation and government of the justice, whose duty it then becomes to issue a summons against each delinquent, and to proceed therein as in ordinary cases. (R. C. 1845, tit. Roads and Highways, art. 1, secs. 44, 45, 46, 47.) The law does not require any thing to be put into the list except the names of the persons to be proceeded against, and of course does not intend it as a written complaint against the party for his information. These defendants have the same means of knowing what they are sued for that other defendants have in ordinary cases in justices' courts.

The suit is to be commenced in the name of the overseer to to the use of his road district; in other words, it is conducted in his official and not in his individual capacity, and the present summons, in describing the plaintiff as road overseer or supervisor, (which is the same thing,) sufficiently indicated this, although it was indefinite as to the specific district. This defect, however, was cured in the entry of the judgment which designated the particular road district of which the plaintiff was overseer, and certainly there is no principle upon which an error of this character in the process to bring a party into court, ought to have the effect, after an appearance and trial on the merits, of requiring the Circuit Court, upon an appeal, to dismiss the whole proceeding.

The alleged errors in the proceedings of the justice may all very well be considered of that class that the Circuit Court, upon an appeal, is required to disregard. (R. C. 1845, tit. Justices' Courts, art. 8, sec. 13.)

The judgment is accordingly reversed, and the cause remanded; Judge Ryland concurring.